FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 23 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-CV-2559 (CBA)

KYLE GOVANS,

          Plaintiff,

-against-

79 PCT, 263 TOMPKINS AVENUE;
JOHN DOES,

          Defendants.
-----------------------------------------------------------x

AMON, United States District Judge:

Plaintiff Kyle Govans filed this *pro se* action on May 17, 2012. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, plaintiff is granted thirty (30) days leave to file an amended complaint.

## BACKGROUND

Plaintiff alleges that unknown officers from the 79th Police Precinct in Brooklyn, New York wrongfully arrested him, physically abused him, and then detained him without his consent for 2 weeks at the psychiatric ward of the Kings County Hospital, during which time he was forcibly medicated. He brings this action against the 79th Precinct, the John Doe officers who arrested him, and the King's County Hospital Center Nurses Unit, seeking monetary damages.

The Court notes that the plaintiff recently filed a similar complaint in this Court that appeared to assert claims of involuntary commitment against Woodhull Medical Center in Brooklyn, NY. See Govans v. Woodhull Medical Center, No. 12-CV-1436 (CBA) (Complaint filed March 20, 2012). After first giving the plaintiff leave to amend, the Court dismissed the largely unintelligible complaint in that action on June 25, 2012 because it failed to satisfy the

minimum pleading requirements of Federal Rule of Civil Procedure 8. (DE # 6.)

## STANDARD OF REVIEW

When reviewing a *pro se* litigant's complaint, a court must construe it liberally and interpret it as raising the strongest arguments it suggests. See Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Federal Rule of Civil Procedure 8 requires a plaintiff to provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. Id. (internal citations and alterations omitted). Instead, a complaint should "give 'fair notice of what the plaintiff's claim is and the grounds upon which it rests' in order to enable the opposing party to answer and prepare for trial, and to identify the nature of the case." Biviano v. Briemann, 2010 WL 335603, at *1 (E.D.N.Y. 2010) (quoting Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 346 (2005)).

## DISCUSSION

As an initial matter, the Court notes that the plaintiff cannot bring a claim against the 79th Police Precinct, or the New York City Police Department ("NYPD"). The NYPD is a non-suable entity of the City. See Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New

York City Police Department not a suable entity); Bascom v. City of New York, 2011 WL 4073785, at *2 (E.D.N.Y. 2011) (dismissing § 1983 claims brought against NYPD); N.Y.C. Admin. Code & Charter Ch. 16 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."). Accordingly, the plaintiff's claims against the NYPD and the 79th Precinct are dismissed.

Although the plaintiff may have excessive force or false imprisonment claims against the John Doe officers who allegedly arrested and detained him, and/or a due process or false imprisonment claim against the King's County Hospital Center, the complaint is wholly insufficient to place the defendants on notice of the claims against them. The complaint provides no information that would allow for the identification of the officers the plaintiff seeks to sue, or the identification of the health care professionals that may have been involved in the incident described. The plaintiff does not provide the date, time, or location of his alleged arrest or detainment, or any physical description of the people involved.

Given the plaintiff's *pro se* status, the plaintiff is given thirty (30) days leave to file an amended complaint that complies with Rule 8 of the Federal Rules of Civil Procedure. See Bascom, 2011 WL 4073785, at *2 (requiring plaintiff to amend complaint to provide information that would allow for the identification of the detectives involved in his arrest); Cruz v. Gomez, 202 F.3d 593, 598 (2d Cir. 2000) (holding that a *pro se* plaintiff proceeding *in forma pauperis* should be afforded at least one opportunity to amend his complaint). The amended complaint should, at a minimum, provide the date, time and location of the plaintiff's arrest. Moreover, to

the best of his ability, the plaintiff should describe each Jane or John Doe named as a defendant and the role he or she played in the alleged deprivation of the plaintiff's rights.

## CONCLUSION

Plaintiff is hereby granted thirty (30) days from the date of this order to submit an amended complaint. The amended complaint must be captioned as an "Amended Complaint," and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

S/Chief Judge Amon

Carol Bagley Amon
Chief Judge, United States District Court

Dated: Brooklyn, New York
July 23 , 2012

4